MOORE, Chief Justice
(dissenting).
I respectfully dissent from the Court’s decision to dismiss the appeal in this case as untimely because it construes the summary judgment entered by the trial court on January 16, 2002, as a final, appealable order. In its January 16, 2002, summary-judgment order in favor of New South Federal Savings Bank (“New South”) and Steve Thomas, a loan officer of New South, and against plaintiff American Automotive Acceptance Company (“American Automotive”), the trial court “Ordered, Adjudged, and Decreed that summary judgmént be granted in favor of [New South] as to each and every claim asserted by [American Automotive] in this action.” However, immediately following this statement, the trial court observed:
“The Court notes that James R.. Morgan entered his appearance [as attorney] for [American Automotive] on January 9, 2002. [American Automotive] has now filed a Motion to Continue under Rule 56(f), [Ala. R. Civ. P.,] along with the affidavit of James R. Morgan and the affidavit of William R. Selman [president of American Automotive]. These affidavits contend that evidentiary materials crucial to [American Automotive’s] response to [New South’s] Motion for Summary Judgment have not. yet been obtained by [American Automotive]. The affidavits contend [American Automotive] has not been represented by counsel and lack of counsel has prevented [American Automotive] from obtaining the necessary materials. The affidavit of William R. Selman contends that the corporation has diligently sought counsel.
[[Image here]]
“In light of the appearance of new counsel and [American Automotive’s] request for additional discovery, the Court declines to make the summary judgment order final.”
(Emphasis added.) The trial court then ordered that American Automotive be permitted to depose certain agents of New South and that American Automotive file a “motion for reconsideration of this Order within seventy (70) days from the date of this Order.... ”
In nearly every way imaginable, the trial court made it evident that it did not consider the January 16 order to be final: it indicated that there was evidence yet to be considered regarding New South’s summary-judgment motion; it ordered American Automotive to file a “motion for reconsideration” of the order within a designated time; and it explicitly stated that the January 16 order was not final. The trial court is the entity that adjudicates the case; it determines what evidence will be considered and at what point the case has been decided. A trial court’s characterization of its own order ought to be respected by this Court.
To hold that the January 16 order was final despite the trial court’s caveats to the contrary in that order is to elevate procedure over substance and punishes the appealing party for relying -upon the trial court’s statement in its own order that the adjudication was not final. At the least we are faced with an ambiguous order that we should not construe to the prejudice of the party that relied upon the very instructions of the trial court. Otherwise, we allow a judge to issue an ambiguous order that leads the- appealing party to delay filing its notice of appeal, to the appealing party’s own detriment. Equity demands that we interpret an ambiguous order so as not to deny a party the option of appeal. The January 16 order should be construed for what it is: a preliminary disposition of the case before all the evidence is received — not a final adjudication.
*1065 Because I do not believe that the January 16 order was a final order and because American Automotive timely appealed from the second order of April 9, 2002, which stated that the summary judgment was final, I do not believe that this appeal should be dismissed. The Court should decide it on the merits. Therefore, I must dissent.